CATHARINE MURRAY v. THE NEW JERSEY RAILROAD AND TRANSPORTATION COMPANY.

1. The court will order the *venue* changed, even when laid in the proper county, if it appears that a fair trial cannot be had there.

2. In order to warrant a change of *venue*, it must appear that a fair trial cannot be had in the county where it is laid by positive evidence or facts, and not by the mere opinion of the witnesses.

This was an action on the case, by the plaintiff, for negligence in the management of the ferry of the defendants, by means whereof the plaintiff was injured and lost one of her limbs.

The defendants applied for a change of *venue*, on the ground that a fair trial could not be had in the county of Hudson, where the *venue* was laid. The defendants read affidavits to show that a controversy existed between the board of freeholders of Hudson county and the defendants respecting the right of the freeholders to regulate the tolls on the ferry in question, and that, in the opinion of deponents, there was an excited feeling through the county, which would prevent a fair trial. The plaintiff read counter affidavits of witnesses, as to the state of feeling in the county, and the opinions of the witnesses as to a fair trial.

The county of Hudson, where the *venue* was laid, was the county where the plaintiff resided, where the process was served, and where one *terminus* of the ferry on which the accident occurred was situate, the accident having occurred at the New York side. ·

*Whitehead*, in support of the motion.

*Zabriskie*, contra, contended that the remedy provided was by foreign jury (*Rev. Stat.* 196, § 6,) that here was no prejudice.

GREEN, C. J. A motion is made, on behalf of the defendants, to change the *venue* in this cause, on the ground that a fair and impartial trial cannot be had in the county of Hudson, where the *venue* is laid. The action is brought to recover

damages for an injury sustained by the plaintiff in crossing the ferry from Jersey City to New York, by reason of the alleged carelessness and mismanagement of the defendants in conducting the ferry. The affidavits produced in support of the motion show—

1. The *fact* that a controversy is now depending between the defendants, who are the *lessees* of the ferry, and the board of chosen freeholders of Hudson county, respecting the right of the said freeholders to regulate the tolls of the ferry.

2. The *belief* of the witness that, owing to the prevalence of excitement and hostile feelings against the *owners* of the ferry, a fair and impartial trial in this cause cannot be had before a jury of the county of Hudson.

If the board of chosen freeholders or the inhabitants of the county of Hudson had a direct interest in the result of this suit, it might afford good ground for a change of *venue*. *Mayor of Poole* v. *Bennet*, 2 *Stran.* 874. But the mere fact, that a controversy is pending respecting the right of the freeholders to regulate the tolls upon a ferry of which the defendants are the lessees, can be of no importance upon this motion, except as it may tend to strengthen the belief that a fair and impartial trial cannot be had in the county.

The power of the court to change the *venue*, whenever it is necessary to secure a fair and impartial trial, cannot be doubted. The facts relied upon as the foundation for the exercise of the power should be clearly established. They should not rest upon the mere opinion or belief of witnesses. *Rex* v. *Harris*, 3 *Burr.* 1333 ; *Meldrum* v. *Sarvis*, *Coxe* 206 ; *Den* v. *Evaul*, *Coxe* 285.

Nor will the power ordinarily be exercised upon proof of the prevalence of excitement in the county upon the subject matter of the suit. The court will not, from that fact alone, infer that a fair and impartial trial cannot be had. Reliance will be placed upon the intelligence and integrity of jurors, and the *venue* will not be changed, unless it clearly appear to be essential to the ends of justice. *Mylock* v. *Saladine*, 3 *Burr.* 1564; *Bowman* v. *Ely*, 2 *Wend.* 250; *Messenger* v. *Holmes*,

12 *Wend.* 203 ; *Zabriskie* v. *Bauden*, 1 *Caines* 487 ; *New Windsor Turnpike Co.* v. *Wilson*, 3 *Caines* 127.

In the present case the alleged excitement does not relate to the subject matter of this suit, nor is it directed against these defendants, but against other parties, and relates to a subject matter not involved in this controversy.

The belief of the witness, moreover, that a fair and impartial trial cannot be reasonably expected in the county where the *venue* is laid, is met by the affidavits of two witnesses on the part of the plaintiff, who expressed their belief that no such excitement exists in the county of Hudson, either against the proprietors of the ferry or against these defendants, as would prevent a fair and impartial trial by a jury of that county.

The motion is denied.